UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA WOOD,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RODNEY Ho et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:24-cv-512-ART-CLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 17) |

　　　　Plaintiff Andrea Wood brought this action alleging several claims against Defendants Rodney Ho, Clement Holdings, Keven Wikenberry, Sgt Investment, Contra Costa County, and Wilson Young. On January 14, 2025, the Court entered an order adopting the Report and Recommendation of Magistrate Judge Baldwin, and dismissed this action without prejudice because Plaintiff had failed to either pay the filing fee or fully complete an application to proceed in forma pauperis ("IFP") in compliance with the Court's orders. (ECF No. 12.) The Court then entered judgment in this action. (ECF No. 13.) On February 24, 2025, Plaintiff filed a motion for reconsideration of the Court's order dismissing this action, which the Court now considers. (ECF No. 17.) For the reasons discussed below, the Court denies Plaintiff's motion.

　　　　Although not explicitly referenced by Plaintiff in her motion, the Court will construe this as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). A motion for reconsideration after final judgment may be brought under either rule. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). "[A] Rule 59(e) motion is an 'extraordinary remedy,

to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A party may also seek relief under Rule 60(b), which permits reconsideration upon "a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *ACandS, Inc.*, 5 F.3d at 1263.

The Court finds that Plaintiff has not met either of these standards justifying relief. Plaintiff was given many opportunities to complete an IFP application or pay the filing fee. As discussed in this Court's order dismissing this action, Plaintiff was notified several times by the Court that the filing fee or IFP application needed to be completed. Plaintiff made other filings with the Court but did not comply with the Court's order to pay the filing fee or submit an IFP application. While Plaintiff has attached to her motion to reconsider receipts indicating she sent payment to the Court on February 6, 2024, this was after her deadlines to do so and after the case had been closed.

Because this action was dismissed without prejudice, Plaintiff is free to file the same claims in a new action.

**Conclusion**

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 17) is DENIED.

It is further ordered that Plaintiff's other motions (ECF Nos. 16, 18) are DENIED AS MOOT.

Dated: May 29, 2025

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE